## Fergerson v. Dunn, et al.

(Decided January 26, 1926.)

### Appeal from Livingston Circuit Court.

Mortgages—Vendor's Lien Claimant Not Entitled to Set Aside Confirmation of Foreclosure Sale Which he Attended, Where he did Not Object to Confirmation.—Where mortgagee, whose attorney could not attend foreclosure sale, secured resale, his bid on one tract at resale being less than amount of vendor's lien, and holder of such lien attended resale, and failed to bid, and by agreement of parties judgment was entered confirming the last sale, held, that holder of vendor's lien was not entitled, under Civil Code of Practice, section 521, to have set aside the order confirming the sale, on the ground of fraud in its procuration on facts known to him at time of confirmation.

W. MIKE OLIVER for appellant.

J. R. WELLS and C. H. WILSON for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

D. A. Dunn held vendor's liens against five certain tracts of land owned by J. H. Guess. The lien upon tract No. 3 was for $600.00 and those on the other four tracts were for $1,000.00. Guess mortgaged this land and other property to E. B. Ferguson. At maturity Ferguson sued to enforce his lien, making Dunn a party. The sale occurred at Smithland in Livingston county in March, 1922. Fergerson's attorney, Mike Oliver, who lived at Paducah, had arranged to attend the sale and started to Smithland for that purpose. High winds prevented him from ferrying the Mississippi river and he attempted to telephone the master commissioner to postpone the sale, but was unable to reach him and did not arrive until forty minutes after the sale had closed.

Dunn attended the sale and purchased the entire property for $1,500.00.

At the April term of court Fergerson filed exceptions to the report of sale on the ground of unavoidable casualty in not being able to attend the sale, and proposed in writing to make a bid of $3,300.00 on the land, in the event of a resale; he also filed bond to secure his proposed bid. The court sustained exceptions and ordered a resale of the property, directing it to be sold, first, separately, the master commissioner noting the amount of the successful bid on each separate tract, and then to offer all of the land as a whole and to accept the highest aggregate bid. This sale was duly made in accordance with the order; both Fergerson and Dunn attended and were present during the sale. Dunn did not bid on any of the property. Fergerson's attorney bid on each tract, the aggregate of his separate bids amounting to $2,900.00; he then bid $3,301.00 for the whole, and it was knocked off to him. The sale was duly reported by the master commissioner, but his report being indefinite it was amended and by agreement of the parties was confirmed on the 11th of December, 1922. The bonds became due on the 14th of May, 1923, and were collected from Fergerson and receipted by the master commissioner, who proceeded to disburse the funds.

In the disbursement it appeared that tract No. 3, upon which Dunn had a lien for $600.00, brought only $400.00 in the separate sale and the master commissioner was of the opinion that this was the entire amount of the sale bond that could be applied to this item of indebtedness; whereupon Dunn filed suit under section 521 of the Civil Code to set aside the order confirming the report of sale on the ground of fraud in its procuration. Issues were formed and evidence taken. While more elaborate the only facts developed not indicated above were that Dunn testified that in the argument before the court, upon the exceptions to the report of the first sale, and at the time he proposed to bid $3,300.00 on the property, Fergerson's attorney stated that this would be sufficient to pay all of Dunn's debts and that thereafter he relied upon Fergerson's attorney to carry *this agreement,* as he styles it, into effect. The lower court sustained his contention and ordered a resale of the property, no mention being made of the money in the master commissioner's hands, or of the disbursements he

had made; but, passing that, it is not claimed that there was any fraud upon the part of Fergerson or of his counsel in entering the judgment confirming the report of the last sale which was done by agreement of parties. At that time Dunn and his counsel were as well advised as to everything that had occurred in connection with the sale as they were at the time the petition to vacate was filed. If wronged, then was the time for them to speak. If section 521 of the Civil Code applies to a proceeding of this character it must be for a reason that the party was unable to urge at the time the sale was confirmed.

Again, it is hard to see how Dunn was wronged. The only proposition that Fergerson's attorney made was to make a bid of $3,300.00. Perhaps he thought and stated that this would pay all of Fergerson's lien debts, but he did not intimate that he would undertake to make an application of the funds. Upon the day of the sale Dunn was present and was afforded every opportunity to bid on the property that Fergerson had. It will be observed that the aggregate of the separate sales was $2,900.00 and the sale as a whole $3,301.00. Dunn knew that he had a lien of $600.00 on tract No. 3. If he thought that it was worth more than the $400.00 bid by Fergerson, he should have protected himself by raising the bid to its value or to the amount of his lien thereon. In view of the fact that the aggregate of the separate bids was $400.00 less than that bid as a whole, it is entirely unreasonable to say that Fergerson manipulated the sales so that some of the tracts upon which Dunn was fully secured brought too much money and tract No. 3 too little, because there was a $400.00 margin which would have fully protected Dunn in making No. 3 bring its lien debt. But even if there had been fraud in this respect, as suggested above, Dunn knew it at the time of the agreed order confirming the commissioner's report of sale and cannot raise that question in this action. No question as to the proper division of the proceeds of the sale bonds between the lien creditors under the sale as made has been raised, and this is not considered.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.