## Fergerson, et al. v. Guess.

(Decided January 20, 1928.)

## Appeal from Livingston Circuit Court.

1. Vendor and Purchaser.—Vendor's lien notes providing for interest at 8 per cent until maturity were improperly allowed with interest at that rate until maturty of last note, in distribution of mortgage foreclosure proceeds; each note being entitled to but 6 per cent after its maturity.

2. Mortgages.—Where mortgagee of land, whose lien was inferior to vendor's lien, sued to enforce lien, and property was sold, holder of vendor's lien suing under Civil Code of Practice, section 521, to set aside order confirming sale, was not entitled to interest after order of distribution was entered, since his suit to set aside sale prevented distribution, and interest paid to him thereafter would be chargeable to mortgagee.

3. Mortgages.—Where vendor had lien against a 27-acre tract of land and also against a 42-acre tract and mortgage on all lands of vendee was inferior to vendor's liens, in suit by mortgagee to foreclose lien in which vendor was made a party, costs incident to decree of sale were payable from funds arising from sale of

each parcel of land in proportion to amount realized from sale of each tract.

4. Mortgages.—On foreclosure of mortgage on land which was inferior to vendor's liens where mortgagee had paid taxes for year 1922, since land was sold in November of that year, mortgagee was entitled to reimbursement from proceeds arising from sale of land.

5. Mortgages.—In suit to foreclose mortgage which was inferior to vendor's liens and in which vendor was made a party, while claim for taxes for three years prior to foreclosure was not properly presented, since mortgagee on former appeal had notice of the order and did not object until order of distribution was made on retrial of case, trial court properly ordered amount of taxes payable to the sheriff.

6. Mortgages.—Where land was sold under mortgage foreclosure in 1922, taxes for subsequent years were payable by purchaser.

W. MIKE OLIVER for appellants.

S. H. WILSON for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is the second appeal of this case, the opinion on the former appeal being reported in 212 Ky. 593, 279 S. W. 960.

D. A. Dunn held a vendor's lien for $600 against a 27-acre tract of land owned by J. H. Guess. He also held a vendor's lien for $1,000 against 42 acres of land owned by Guess to secure the payment of five notes of $200 each, dated November 19, 1917, and due in one, two, three, four, and five years, respectively, thereafter. These notes bore interest at the rate of 8 per cent from the date of their execution until maturity. E. B. Fergerson held a mortgage on all the land owned by Guess, his mortgage lien being inferior to Dunn's vendor's liens.

In a proceeding instituted by Fergerson to enforce his lien, in which Dunn was made a party, the property was sold on November 6, 1922, the 27-acre tract selling for $400 and the 42 acres for $2,901, the appellant Fergerson being the purchaser. The sale was confirmed on December 11, 1922. The bonds for the purchase money were collected from Fergerson by the master commissioner on May 14, 1923, and Fergerson moved that the money be distributed.

Appellee D. A. Dunn filed suit under section 521 of the Civil Code to set aside the order confirming the report of sale and from a judgment granting the relief sought, an appeal was prosecuted to this court, and the

judgment was reversed. Upon a return of the case an order of distribution was entered and it is of that order that complaint is made on this appeal.

The first item complained of is the amount of interest allowed on the five notes for $200 each, held by Dunn, and secured by a lien on the 42 acres of land. The lower court calculated interest on these notes at the rate of 8 per cent from the date of their execution until the maturity of the last note on November 19, 1922. This was error. No complaint is made of the rate of interest recited in the notes, and it is conceded that the interest was a part of the consideration. However, interest should have been calculated at the rate of 8 per cent until the date of maturity of each note, and at the rate of 6 per cent thereafter until May 14, 1923. Calculated in this manner the notes with interest amounted to $1,389.15, instead of $1,539.25, the amount allowed by the lower court. The lower court also allowed the appellee D. A. Dunn interest at the rate of 6 per cent from May 14, 1923, on the amount of the debt due him until the 16th day of April, 1926, when the order of distribution was entered. Dunn having prevented the distribution of funds in the hands of the master commissioner on May 14, 1923, and as they would have been distributed on that day but for his action in instituting a proceeding to set aside the sale, he should not be allowed to collect interest, the payment of which would necessarily fall upon appellant, since the 27-acre tract sold for less than the amount of Dunn's lien thereon and the 42-acre tract did not sell for a sufficient amount to pay appellant's mortgage debt after the payment of costs and the lien notes held by Dunn.

The costs incurred incident to procuring the decree of sale of the two tracts of land amounted to $262.46, all of which was ordered paid out of the fund arising from the sale of the 42 acres. These costs should be paid out of the funds arising from the sale of the 27 acres and of the 42 acres in proportion to the amount realized from the sale of each tract. The appellant paid the state and county taxes amounting to $31.83 due during the year 1922 and as the land was sold on November 6, 1922, this sum should be paid back to appellant out of the proceeds arising from the sale of the two tracts of land. The record does not disclose whether the two tracts of land were listed for taxation and assessed separately, or as one tract. If listed as one tract, the taxes should be prorated in the same manner as the costs.

Appellant also complains that the taxes due during the years 1919, 1920, and 1921, amounting to $117.99, and which had not been paid, were allowed to E. F. Hughes, ex-sheriff of Livingston county, by an order entered on September 5, 1921. It is insisted that, as the appellee E. F. Hughes merely filed a statement showing the amount of taxes due and filed a motion that he be given a judgment for the amount thereof, and as the appellant had no notice of the motion or order, the order is a nullity. While the claim was not properly presented, the order appears in the record on the former appeal brought to this court by the appellant, and as he necessarily had notice of its existence, and no objection having been made until the order of distribution was entered on April 16, 1926, and nothing appearing to show that such taxes were not justly due, the lower court properly ordered the amount of these taxes paid to the appellee E. F. Hughes, ex-sheriff of Livingston county. They should be paid, however, out of the funds arising from the sale of the two tracts of land in the manner heretofore indicated.

It is also insisted that the taxes during the year 1921 were paid twice—once to appellee E. F. Hughes, and once to B. B. Dunn, who succeeded E. F. Hughes as sheriff of Livingston county; but the appellant is in error as to this contention, as a reference to the commissioner's report discloses that this item was paid to E. F. Hughes and not to B. B. Dunn. Some reference is made to the taxes due during the years 1923, 1924, and 1925, but as appellant purchased the land in 1922, these taxes were payable by him.

For the reasons indicated, the judgment is reversed, with directions to enter a judgment in conformity herewith.